**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **ROGER JALDIN,** *et. al.,* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 1:12CV1117** |
| ) | **(AJT/JFA)** |
| **BANK OF AMERICA, N.A.,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

Defendants Bank of America, N.A. ("BANA") and ReconTrust Company, N.A. ("ReconTrust") (collectively, "Defendants") hereby file this Memorandum of Points and Authorities in support of their motion to dismiss the complaint filed by Plaintiffs Roger and Janet Jaldin ("Plaintiffs") for failure to state a claim upon which relief may be granted.

## I.      INTRODUCTION

Plaintiffs bring a number of claims against ReconTrust and BANA centered around three allegations: (1) that ReconTrust was not authorized to act as a trustee under Virginia law, (2) the note was not properly accelerated because Plaintiffs were notified of the acceleration via certified mail and (3) BANA did not have the authority to accelerate the note and initiate foreclosure.  None of these claims, however, are supported by the law or the facts.

As demonstrated below, (1) ReconTrust is authorized to act as a Virginia trustee because the Virginia statute which Plaintiffs claim prohibits ReconTrust from doing so is pre-empted, (2) certified mail is an extra-service provided to first class mail pieces and thus BANA may notify borrowers of the intent to accelerate via certified mail and this complies with the Deed of Trust's

requirement that the notification be provided by First Class mail, and (3) BANA, as the note

holder and servicer, is authorized to accelerate the note and initiate foreclosure.

## II.     BACKGROUND FACTS

Unless otherwise stated, the following facts are taken from Plaintiffs' complaint and for

the purposes of Defendants' motion are assumed to be true.

Plaintiffs are residents of Virginia.  *See Complaint* at ¶ 1.  On May 9, 2007, Plaintiff

Roger Jaldin[1] executed a Deed of Trust in favor of Mortgage Electronic Registration Systems,

Inc. ("MERS") as the beneficiary, on behalf of original lender Countrywide Home Loans, Inc.,

its successors and assigns.  *See* P. 1, Deed of Trust, attached hereto as Exhibit A.[2]  The Deed of

Trust secures a promissory note executed by Roger Jaldin in the amount of $700,000.  *See* P. 1,

Promissory Note (the "Note"), attached hereto as Exhibit B.[3]  Paragraph 1 of the Note specifies

that the Lender may transfer the Note and anyone who takes the Note by Transfer and who is

entitled to receive payments under the Note is the Note Holder.  *Id.*  The Note is endorsed in

blank and the original is in the possession of BANA.  *Id.*  The Deed of Trust appoints Samuel I.

White, P.C., as the original trustee.  *See* Exhibit A.

On November 16, 2010, BAC Home Loans Servicing, LP[4] sent Roger Jaldin a letter

entitled "Notice to Accelerate" which required him to cure the alleged default on or before

---

[1] Janet Jaldin is also named as a Plaintiff.  Ms. Jaldin did not execute the Deed of Trust or the Note, thus it is questionable as to whether she has standing to be named as a Plaintiff in this lawsuit.

[2] Although not attached to Plaintiff's complaint, the court may consider documents referenced in Plaintiff's complaint which are pertinent to the claims, without converting the motion to dismiss into a motion for summary judgment.  *McInnis v. BAC Home Loan Servicing, LP*, 2012 U.S. Dist. LEXIS 13653, *18, fn. 7 (E.D. Va. Jan. 13, 2012), adopted by *McInnis v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 13602, (E.D. Va. February 3, 2012); *Demetry v. Lasko Prods.*, 284 Fed. Appx. 14, *15, (4th Cir. 2008).

[3] *See Id*.

[4] BANA is the successor by merger to BAC Home Loans Servicing.  *See Sheppard v. BAC Home Loans Servicing, LP*, 2012 U.S. Dist. LEXIS 7654, *2 (W.D. Va. Jan. 24, 2012).

December 16, 2010.  *See* Notice to Accelerate, attached hereto as Exhibit C.[5]  The Notice to Accelerate stated that Mr. Jaldin's account was past due in the amount of $11,927.98.  *Id.*  On October 26, 2011, BANA executed a Substitution of Trustee, appointing ReconTrust and ALG Trustee, LLC as successor trustees under the Deed of Trust.  *See* Exhibit D attached hereto.[6]  On August 28, 2012, a notice of trustee's sale was issued.  *See* Exhibit E attached hereto.[7]  The sale was subsequently cancelled and no sale is pending.

Plaintiffs' complaint seeks (1) declaratory and injunctive relief to enjoin ReconTrust from foreclosing, (2) declaratory relief that BANA is not the successor of Lender and does not have the power to appoint a successor trustee, and that the loan was not properly accelerated, (3) "Remove Cloud on Title" [sic] based on Plaintiffs' allegation that the appointment of successor trustee was improper, (4) breach of contract based on Plaintiffs' allegation that ReconTrust was not a proper trustee, (5) breach of contract based on Plaintiff's allegation that BANA did not properly give the Plaintiffs' notice of intent to accelerate, (6) violation of the Truth In Lending Act, ("TILA"), in particular 15 U.S.C § 1641(f)(2), based on Plaintiff's allegation that BANA did not identify the owner of the loan, and (7) violations of the Fair Debt Collection Practices Act ("FDCPA") based on Plaintiff's allegation that (a) BANA falsely identified the owner of the loan and (b) ReconTrust wrongfully attempted to collect a debt which it was not authorized to do.

---

[5] Although not attached to Plaintiff's complaint, the court may consider documents referenced in Plaintiff's complaint which are pertinent to the claims, without converting the motion to dismiss into a motion for summary judgment.  *See McInnis*, 2012 U.S. Dist. LEXIS 13653, *18, fn. 7, adopted by *McInnis*, 2012 U.S. Dist. LEXIS 13602; *Demetry*, 284 Fed. Appx. 14, *15.

[6] Although not attached to Plaintiff's complaint, the court may consider documents referenced in Plaintiff's complaint which are pertinent to the claims, without converting the motion to dismiss into a motion for summary judgment.  *McInnis*, 2012 U.S. Dist. LEXIS 13653, *18, fn. 7, adopted by *McInnis*, 2012 U.S. Dist. LEXIS 13602; *Demetry*, 284 Fed. Appx. 14, *15.

[7] *See Id.*

### III.     ARGUMENT

#### A.     Legal Standard

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The court may dismiss the Complaint pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief can be granted.   The purpose of this Rule is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).  A complaint falters when there are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 1949.  The court need not accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986), or conclusory factual allegations without any reference to actual events.  *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

This plausibility standard requires that Plaintiffs show more than a sheer possibility of success but does not require a "probability requirement." *Twombly*, 550 U.S. at 556.  Claims then have facial plausibility when the court is able, from the pleaded facts, to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  The court will "draw on its judicial experience and common sense" to determine whether the Plaintiffs have stated a plausible claim for relief.  *Id*. at 1950.

As detailed below, Plaintiffs claims are not supported by the law or evidence and should be dismissed for failure to state a claim upon which relief may be granted.  Each claim is discussed separately.

**B.      Plaintiffs Have Failed to State a Claim Against ReconTrust**

Plaintiffs have brought three claims against ReconTrust: (1) declaratory judgment, (2) breach of contract, and (3) violation of the Fair Debt Collection Practices Act ("FDCPA").  None of these claims, however, are supported by the law or evidence and this Court should dismiss these claims.

**1.      Plaintiff Has Failed To State a Claim for Declaratory Judgment Against ReconTrust in Count I[8]**

Va. Code Ann. § 8.01-184 confers upon Virginia courts the power to make binding adjudications of right and to issue declaratory judgments in cases of actual controversy.  *See Scottsdale Ins. Co. v. Glick*, 240 Va. 283, 289 (1990).   The controversy must be justiciable and involve specific adverse claims based on present facts that are ripe for adjudication.  *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331 (1983); *City of Fairfax v. Shanklin*, 205 Va. 227, 229

---

[8] This memorandum discusses the counts brought against ReconTrust first and then the counts brought against BANA.

(1964).   The relevant statutes are intended to be remedial and to be liberally interpreted. See Va.

Code Ann. § 8.01-191; *Erie Ins. Grp. v. Hughes*, 240 Va. 165, 169 (1990).

### a.        Plaintiff's Claim for a Declaratory Judgment is Moot

Plaintiff seeks a declaratory judgment that ReconTrust is not qualified to act as a

foreclosure trustee.  However, there is no actual controversy because the foreclosure sale has

been cancelled.  Thus, ReconTrust is not acting as a foreclosure trustee at the present time – the

sale referenced in the notice of sale (*see* Exhibit E) never occurred and no sale is currently

scheduled.  Although ReconTrust remains a trustee of record, a party who has been appointed as

a Substitute Trustee is not automatically a trustee for the purposes of foreclosure.  A trustee may

be appointed for reasons other than foreclosure, such as executing a deed of release.  *See* Va.

Code §55-59.4B.  Because there is no actual controversy relating to ReconTrust's ability to act

as a foreclosure trustee, Plaintiff's claim for a declaratory judgment should be dismissed.

### b.        Virginia Code § 55.58.1(2) is Pre-Empted by Federal Law

Even assuming this issue is not moot, Plaintiffs' claim that ReconTrust's appointment as

a successor trustee violates Virginia law should be dismissed because the provision that Plaintiffs

rely on – Virginia Code 55.58.1(2) – is pre-empted by federal law.  When the federal

government acts within the scope of its authority, state laws which are inconsistent with the

federal law are pre-empted.  *National City Bank of Indiana et. al. v. Turnbaugh et al.*, 463 F.3d.

325, 33 (4th Cir. 2006).  Federal grants of authority to national banks ordinarily pre-empt

contrary state laws.  *Id.* at 331.

More specifically, 12 U.S.C. § 92a of the National Banking Act ("NBA") grants national

banks the same powers that state banks have.  *Cox v. ReconTrust, N.A.*, 2011 U.S. Dist. LEXIS

22157, *12-13 (D. Ut. March 3, 2011).  If a state allows its own banks to have trustee powers,

then national banks must be conferred the same powers. *Id.*   Congress's intent in enacting 12 U.S.C. § 92a(b) was to ensure that state institutions did not have a competitive advantage over national banks. *Bell v. Countrywide Bank, N.A.*, *et al*. 2012 U.S. Dist. LEXIS 35530, *31 (D. Ut. Mar. 15, 2012).[9]  If state law prohibits national banks from exercising powers which are granted to state banks, the national banks are entitled to exercise the same powers, even if they are expressly prohibited from doing so by state law. *Dutcher v. Matheson*, 2012 U.S. Dist. LEXIS 16483, *20 (D. Ut. Feb. 8, 2012).

Here, Virginia Code 55.58.1(2) is pre-empted because it allows Virginia banks (or national banks with their principal office in Virginia) to act as trustees on Virginia Deeds of Trust, but non-Virginia based national banks are prohibited from doing so.  Virginia Code §55.58.1(2) provides:

> No person not a resident of this Commonwealth may be named or act, in person or by agent or attorney, as the trustee of a security trust, either individually or as one of several trustees, the other or others of which are residents of this Commonwealth. No corporation may be named or act as the trustee or as one of the trustees of a security trust unless it is chartered under the laws of this Commonwealth or of the United States of America, and unless its principal office is within this Commonwealth.

In contrast, the NBA permits national banks to act as trustees under state law if the state's law allows state banks to act as trustees. *See* 12 U.S.C. § 92a.  Furthermore, even if the national

---

[9] Utah cases are discussed here because the issue of whether ReconTrust may act as a trustee in Utah has been litigated extensively in Utah. *See Bell*, 2012 U.S. Dist. LEXIS 35530, *4-5.  The *Cox* case concerned a provision of Utah law, Utah Code 57-1-2 that is somewhat similar to (but that has a critical difference from Virginia Code §55.58.1(2). *Cf. Cox*, 2011 U.S. Dist. LEXIS 22157, at *8; Va. Code §55.58.1(2).  The Utah Code provision limits the entities who are able to act as foreclosure trustees to Utah attorneys or Utah title companies.   In *Bell*, 2012 U.S. Dist. LEXIS 35530 at *17, the court found that the Utah provision was not pre-empted.  The *Bell* case is inapposite here, however, because the Virginia statute would allow Virginia banks to act as a trustees while the Utah statute prohibits both Utah and national banks from acting as a foreclosure trustee.

banks would be violating state law, they are deemed not to be violating state law if they are

exercising powers which local banks are granted but which the national banks do not have:

> (a) Authority of Comptroller of the Currency. The Comptroller of the Currency shall be authorized and empowered to grant by special permit to national banks applying therefor, when not in contravention of State or local law, **the right to act as trustee,** executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, **or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State** in which the national bank is located.

> (b) Grant and exercise of powers deemed not in contravention of State or local law. Whenever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this Act.

12 U.S.C. §92a (emphasis added). If state law allows a local bank to exercise powers which the

state law also prohibits national banks from exercising, then the national banks are deemed not to

be acting contrary to state law if they exercise those powers (even if the activity which the

national banks exercise is explicitly contrary to state law). *Cox*, 2011 U.S. Dist. LEXIS 22157 at

*24.

The Virginia statute clearly conflicts with the purposes of the NBA. ReconTrust, N.A. is

chartered as a national bank and is governed by the National Banking Act. *See* ReconTrust

Charter, attached hereto as Exhibit F; *Bell,* 2012 U.S. Dist. LEXIS 35530 at *17. It has been

granted fiduciary powers by the Office of the Comptroller of the Currency, and has acted as a

foreclosure trustee pursuant to those powers. *Dutcher*, 2012 U.S. Dist. LEXIS 16483 at *2.

Contrary to the purposes of the NBA, the Virginia statute allows ReconTrust's Virginia

competitors to act as Virginia trustees. State banks cannot have a competitive advantage over

national banks. *Bell*, 2012 U.S. Dist. LEXIS 35530 at *36-*37. Because the Virginia statute

gives a competitive advantage to Virginia banks (or national banks with their principal office in

Virginia) by allowing these institutions to act as trustees while prohibiting non-Virginia based

national banks from using the same powers, the Virginia statute is pre-empted under the NBA

and ReconTrust is allowed to act as a trustee in Virginia.  *See eg,. Dutcher*, 2012 U.S. Dist.

LEXIS 16483 at *20.

> **c.    A foreclosure is not invalid because of the appointment of a
> non-Virginia trustee**

As part of their claim for declaratory judgment against ReconTrust, Plaintiffs claim that

they will be injured if ReconTrust forecloses because it is not a proper trustee.  *Complaint* at ¶¶

45-46.  Plaintiffs' allegations are based on the claim that ReconTrust's appointment as co-trustee

violated Virginia Code §55.58(1)(2).  Assuming, *arguendo*, that this Code provision is not pre-

empted, Plaintiffs still are not entitled to a declaratory judgment against ReconTrust.  As an

initial matter, no foreclosure sale has occurred, so clearly Plaintiffs have not suffered any harm

as a result of the appointment of ReconTrust as trustee.  Moreover, Plaintiffs' argument has been

outright rejected by at least one Virginia court.  *See In re Trustees Sale of the Property of Willie

Brown et al.*, 67 Va. Cir. 204 (2005) ("*Brown*").

In *Brown*, the note holders of deeds of trust appointed a California corporation and a

Virginia corporation as trustees on the same deeds of trust.  67 Va. Cir. at 205.  Under the terms

of the appointments, either trustee could act alone or in concert with one another.  *Id.*  There was

an initial report of the sale signed by the California corporation and then an amended report that

was signed by the Virginia corporation.  *Id.*  The Commissioner of Accounts found that the sale

was void *ab initio* because the appointment of the California corporation violated Virginia Code

§55.58(1)(2).  However, the *Brown* court disagreed, holding that a foreclosure will only be set

aside for "weighty" reasons and it will not be voided on mere "technical" grounds.  *Id.*  The court

found that, "the mere naming of" the California corporation "as substitute trustee was not sufficient to set aside the foreclosure sales when an otherwise qualified Virginia corporation was named and acted as trustee." *Id.* at 213.

The present case is analogous. Just as the *Brown* court found that the mere appointment of a non-Virginia corporation was a technicality, Plaintiffs here have suffered no harm from the mere appointment of ReconTrust as a substitute trustee.  Plaintiffs' claim should therefore be dismissed.

### 2.     Plaintiffs Have Not Stated A Claim for Breach of Contract Against ReconTrust in Count IV

Plaintiffs allege a breach of contract claim based on ReconTrust's being appointed as a trustee. *Complaint* at ¶ 73.   In Virginia, the elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. *Sunrise Continuing Care, LLC v. Wright*, 277 Va. 148, 154 (2009).  The plaintiff bears the burden to establish the element of damages with reasonable certainty.  *Id.*  Damages that are contingent, speculative, and uncertain are not recoverable because they cannot be established with reasonable certainty.  *Id.*  Damages are generally limited to the loss sustained.  *Id.* at 156.

Here, Plaintiffs have failed to adequately plead a breach of contract claim.  Plaintiffs vaguely allege, "The DOT limits the parties' rights and obligations in the same manner as the law applicable to such parties, including Virginia Code sections applicable to deed-of-trust trustees." *Complaint* at ¶ 68.   However, Plaintiffs fail to identify any specific provisions of the Deed of Trust which were violated, nor do they specify any duties from ReconTrust to Plaintiffs conferred by the Deed of Trust.  More fundamentally, Plaintiffs fail to identify that any contract exists between ReconTrust and the plaintiffs.

Indeed, Virginia courts recognize that a substitute trustee is not bound by the same provisions in the Deed of Trust between the original lender and the borrower. *Jones v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 15203, *8, *15 fn. 7, (E.D. Va. Feb. 7, 2012). A substitute trustee does not have any role in determining when to initiate foreclosure and is not a party to the contract between the original lender and the borrower. *McInnis*, 2012 U.S. Dist. LEXIS 13653, * 17-18; *Crouch v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS 152548, *15-16 (E.D. Va. Nov. 29, 2011), adopted by *Crouch v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 10750 (E.D. Va., Jan. 30, 2012).[10]

For Plaintiffs to prevail on a breach of contract action, they must show a legally enforceable obligation to Plaintiff by Defendant. *Sunrise,* 277 Va. at 154. By failing to identify any contract between ReconTrust and Plaintiffs, they have failed to plead that there is any legally enforceable obligation between the parties. They have further failed to identify that any duty is owed by ReconTrust to Plaintiffs. By failing to identify the duty, Plaintiffs have also failed to show the breach of that duty. Consequently, Plaintiffs have failed to meet the first two elements of a breach of contract claim.

Plaintiffs have also failed to adequately allege damages. Plaintiffs allege unspecified damages relating to the inability to have a face-to-face meeting with the trustee and unspecified "nominal damages and expenses" relating to hiring consultants and other professionals to stop the foreclosure." *Complaint* at ¶ 75-76. Because proof of damages is an element of a breach of contract claim in Virginia, Plaintiffs have failed to plead this element and thus have failed to plead a claim for breach of contract.

---

[10] Trustees in Virginia do owe a fiduciary duty to both the borrower and the lender. *Yaffe v. Heritage Sav. & Loan Asso.*, 235 Va. 577, 583 (1988). However, Plaintiffs have not brought a breach of fiduciary duty claim – rather, they have brought a breach of contract claim.

Assuming, *arguendo*, that Plaintiffs have pled the existence of a duty between Plaintiffs and Defendants relating to the appointment of a substitute trustee and the breach of said duty, Plaintiffs' claims still fail because, as discussed above, Virginia Code §55.58.1(2) is pre-empted by federal law.  Thus, there can be no breach of contract where Defendants' conduct cannot, under the law, constitute a breach of a duty because the conduct was lawful.  Furthermore, as the *Brown* noted, the appointment of a non-Virginia trustee was a mere technical error.  *Brown*, 67 Va. Cir. at 213.  Because the appointment was a mere technical error, it cannot form the basis of a damages claim, as Plaintiffs must plead an actual loss sustained, *Sunrise*, 277 Va. at 156, and Plaintiffs have failed to do so.

### 3. Plaintiffs Have Not Stated a FDCPA Claim Against ReconTrust in Count VIII

Plaintiffs allege that ReconTrust violated the FDCPA because it was not a proper trustee and cannot foreclose.  *Complaint* at ¶ 107.  As stated above, the FDCPA prohibits the use of "false, deceptive, or misleading representations or means in connection with the collection of any debt."  15 U.S.C. § 1692e.

ReconTrust has made no false, deceptive or misleading misrepresentations to Plaintiff.  As discussed above, BANA is the note holder and is entitled to enforce the promissory note.  As such, the foreclosure notices sent on BANA's behalf do not violate the FDCPA.  Furthermore, since Virginia Code §55.58.1(2)'s prohibition on out-of-state trustees is pre-empted by federal law, it is not an FDCPA violation for ReconTrust to serve as trustee.  Even if Virginia Code § 55.58.1(2) is not pre-empted, appointing an out-of-state trustee is, at most, a technical violation, and is not a sufficient basis to invalidate a foreclosure sale.  *Brown*, 67 Va. Cir. at 205.  Plaintiffs have not alleged how such a technical violation can be unfair, deceptive, or misleading.

### B.      Plaintiffs' Claims Against BANA Must Fail

Plaintiffs have alleged claims against BANA for (1) declaratory relief, (2) "Remove Cloud on Title" [sic], (3) breach of contract, (4) violation of the Truth In Lending Act ("TILA"), and (5) violations of the FDCPA.  Plaintiffs have failed to plead sufficient facts to show Plaintiffs are entitled to relief under any of their claims and this Court should dismiss each of the claims.

### 1.      Plaintiffs' Claim for Declaratory Relief Against BANA In Count II Must Fail

Plaintiffs allege that BANA (1) did not have authority to appoint a successor trustee and (2) that BANA did not properly accelerate the Deed of Trust, and seek a declaratory judgment stating BANA's authority.  Plaintiffs' claims must fail as there is the evidence shows that BANA had authority to appoint a substitute trustee and that the Deed of Trust was properly accelerated.

### a.      The Appointment of the Substitute Trustee was Proper

Virginia Code §55-59(9) provides that the party secured by a Deed of Trust or the holder of more than fifty percent of the monetary obligations secured thereby may appoint a substitute trustee.  On May 23, 2011, MERS, as holder of the Deed of Trust, assigned the Deed of Trust to BAC Home Loans Servicing, LP (predecessor to BANA).  *See* Exhibit G, Assignment of Deed of Trust.  With the assignment, BANA now holds the Deed of Trust.  As the beneficiary of the Deed of Trust and the noteholder, BANA holds both the Deed of Trust and also holds more than fifty percent of the monetary obligations secured by the Deed of Trust.

In addition to being the holder of the Deed of Trust, BANA also holds more than fifty percent of the monetary obligations secured by the Deed of Trust where the promissory note is endorsed in blank.  *See* Exhibit B.  More specifically, since the Note is endorsed in blank and is in BANA's possession, custody or control, the Note is bearer paper, Va. Code § 8.3A-205(b),

and BANA is the note holder[11] and is entitled to enforce the note.  Va. Code. §8.3A-301, *See*

Exhibit B.  Given that BANA is the note holder, it meets the statute's fifty percent requirement

and thus has the authority to execute a substitution of trustee.  As such, Plaintiff's claim for a

declaratory judgment against BANA must fail.

### b.      The Note Was Properly Accelerated

Plaintiffs allege that BANA did not properly accelerate the Note, *Complaint* at ¶ 54, as it

is not a successor to the lender.  *Id.* at 16.  They claim that the notice of acceleration was

improper because it was delivered by certified mail, and should have been delivered by first class

mail.  *Complaint* at ¶¶ 18-19.

As discussed above, since BANA is the note holder, it is the successor to the lender and

has the right to enforce the terms of the note.  As such, it was the proper party to accelerate the

Note.  Furthermore, the Domestic Mail Manual defines certified mail as an extra service

available only to First Class mail pieces.  *See Domestic Mail Manual*, §133, §§ 2.2.4, available at

http://pe.usps.gov/text/dmm300/133.htm#1041530 (accessed October 10, 2012).  Thus, the

Domestic Mail Manual defines Certified Mail not as a separate class of mail but as an additional

service to items sent via First Class Mail.  *Id.*  Consequently, the Notice to Accelerate was

actually sent via First Class Mail.  Given that (1) the Deed of Trust provides that notices given to

the borrower are deemed to have been given upon mailing via First Class Mail, (2) the Notice to

Accelerate was sent on November 16, 2010 and (3) the Notice to Accelerate gave the borrower

until December 16, 2010 to cure, the note was properly accelerated.  *See* Exhibit C.  Because the

acceleration was proper, Plaintiff's claim for a declaratory judgment must fail.

---

[11] Although not attached to Plaintiff's complaint, the court may consider documents referenced in Plaintiff's
complaint which are pertinent to the claims, without converting the motion to dismiss into a motion for summary
judgment.  *McInnis*, 2012 U.S. Dist. LEXIS 13653, *18, fn. 7, adopted by *McInnis*, 2012 U.S. Dist. LEXIS 13602;
*Demetry*, 284 Fed. Appx. 14, *15.

-14-

### 2. Plaintiffs' Claim for "Remove Cloud on Title" in Count III Must Fail

Plaintiffs allege that the substitution of trustee constitutes a cloud on title because ReconTrust was improperly substituted as the trustee and BANA does not have authority to execute a substitution of trustee.  *Complaint* at ¶¶ 62-65.

Plaintiffs have not pled a claim for quiet title.  To quiet title under Virginia law, a plaintiff must first show that he has good title to the property, as "an action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title."  *Maine v. Adams*, 277 Va. 230, 238 (2009) (internal citations omitted).  Plaintiff must make a factual showing that the liens encumbering the property have been forgiven or cancelled.  *Tapia v. US Bank et al.*, 718 F. Supp. 2d 689, 700 (E.D. Va. 2010).

Here, Plaintiffs have not made a factual showing that the Deed of Trust has been forgiven or cancelled.  Nor could they.  Although Plaintiffs' Complaint makes various allegations relating to a cancelled foreclosure sale, nowhere do they plead that they are not in default or that the deed of trust has been cancelled or forgiven.  Because Plaintiffs essentially do not contest the basic fact of the default or the validity of the lien, they have not shown superior title.  Thus, their claim for quiet title must fail.

### 3. Plaintiffs' Breach of Contract Claim Against BANA In Count V Must Fail

Plaintiffs allege that BANA breached the terms of the Deed of Trust because (1) it failed to properly accelerate the loan and (2) it failed to show that it was acting on behalf of the lender. Both of these claims are unsupported by the law and the evidence, as will be detailed below.

-15-

### a.      Plaintiffs Do Not Have a Breach of Contract Claim for Failure to Properly Accelerate

As stated above, in Virginia, the elements of a breach of contract action  are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.  *Sunrise*, 277 Va. at 154.  Plaintiffs allege that the Deed of Trust creates a duty for BANA to provide thirty days notice prior to acceleration, *Complaint* at 79, and that BANA breached that duty.  *Id.* at 80. However, as discussed above, BANA did provide the required thirty days notice via certified mail.  Thus, there can be no breach of contract where the duty created by the contract has not been breached.  Furthermore, a breach of contract action requires that the Plaintiff plead damages with reasonable certainty.  *Sunrise*, 277 Va. at 154.  Here, Plaintiffs have pled only unspecified damages, including nominal damages and expenses.  *Complaint* at 85.  By failing to plead damages with the requisite certainty, Plaintiffs have failed to plead a breach of contract claim for failure to accelerate.

### b.      Plaintiffs Do Not Have a Breach of Contract Claim for Authority To Act

Plaintiffs allege that that BANA "has not provided any prima facie evidence that it is acting on behalf of Lender's successor within the meaning of the DOT." *Complaint* at 82. Again, as stated above, the elements of a breach of contract action  are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.  *Sunrise*, 277 Va. at 154.  Here, there is no requirement under the Deed of Trust that BANA show it is the note holder to foreclose.  There can be no breach where there is no duty.  Plaintiffs, again, fail to plead damages with any certainty in support of their breach of contract for alleging lack of authority to act.  The claim, consequently, must be dismissed.

Beyond the lack of any duty to show its right to enforce the note based on the Deed of Trust, BANA has no such duty under Virginia law.  Plaintiff is seeking to impose upon Defendants obligations which do not exist in Virginia.  Virginia is a non-judicial foreclosure state and there is no requirement that a party foreclosing must prove its standing to do so. *Horvath v. Bank of New York,* 641 F.3d 617, 623 (4th Cir. 2011).  In *Horvath*, the borrower alleged that the foreclosing lender was required to show its standing to enforce the note prior to instituting foreclosure.  *Id.* at 622.  The court noted Virginia law does not require proof of standing to foreclose, *id.*, and thus there is no requirement in this case for BANA to show that it is the note holder (although, as discussed above, BANA is in fact the note holder here).

Plaintiff is essentially making a "show me the note" argument."  This is "contrary to Virginia's non-judicial foreclosure laws, which do not require secured creditors to come before the court to prove their authority to foreclose on secured property."  *Buzbee v. US Bank,* et al., 2012 Va. Cir. LEXIS 39, *2, *5 (Fairfax Cty. Cir. Ct., May 5, 2012).  In *Buzbee*, plaintiffs alleged that US Bank was not the beneficial owner of the Deed of Trust and sought a declaratory judgment that the Deed of Trust was not enforceable because US Bank had not proved that it was the beneficial owner.  *Id.* at *5.  The court noted that there is simply no requirement in Virginia law for a secured creditor to show its right to enforce a Deed of Trust.  *Id.*  Nevertheless, as discussed above, BANA is the note holder and has the right to enforce the Deed of Trust.  Thus, Plaintiffs breach of contract claim against BANA must fail.

### 4. Plaintiffs Have Not Adequately Plead a TILA Violation in Count VI

Section 1641(f)(2) of the Truth In Lending Act, 15 U.S.C. 1601 *et. seq.* ("TILA") requires that upon written request from the borrower, loan servicers provide the borrower with

the name, address, and telephone number of the owner of the obligation or the master servicer.

15 U.S.C. § 1641(f)(2).

Plaintiffs allege that they requested the identity of the owner of Plaintiffs' promissory

note. *Complaint* at ¶ 88. They allege that BANA informed Plaintiffs that the owner of the note

is BANA. *Id.* at ¶ 90. However, Plaintiffs allege that BANA is not the note owner, *Complaint* at

¶ 91, and that BANA failed to provide the identity of the owner. *Id.* at ¶ 92.

Plaintiffs, however, do not state the basis of their belief that BANA is not the note owner.

Under *Iqbal*, 129 S. Ct. at 1949, Plaintiffs must make a showing that their allegations are

plausible. Here, Plaintiffs make the bare assertion that BANA is not the note owner but have no

evidence or facts to support this claim. The Court is not required to accept this bare assertion as

being true. Thus, Plaintiffs have failed to state a claim upon which relief may be granted and

their TILA claim must be dismissed.

### 5.    Plaintiffs Have Not Plead FDCPA Violations Against BANA in Count VIII

Plaintiffs allege that (1) BANA violated the Fair Debt Collections Practices Act

("FDCPA") by misrepresenting that it is the owner of the debt and using false representation and

deceptive means to collect a debt and that (2) ReconTrust violated the FDCPA by attempting to

foreclose when it had no right to do so and acting as an unauthorized trustee. However, neither

of these claims gives rise to FDCPA liability.

### a.    BANA Did Not Violate the FDCA

As demonstrated below, Plaintiffs have not pled a FDCPA claim against BANA.

### i.    The FDCPA Does Not Apply to BANA

Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading

representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

This section only applies to debt collectors, which are defined as those who collect debts owed to another. *Holland v. Chase Home Finance, LLC, et al.*, 2011 U.S. Dist. LEXIS 102197, *21 (E.D. Va. September 9, 2011). In *Holland*, the borrower brought an FDCPA claim against her mortgage originator and the holder of her mortgage note, Chase Home Finance, LLC. *Id.* at *22. The court found that the FDCPA does not apply to creditors – i.e., the people to whom the debt is owed. *Id.* at *22. As this Court noted in *Scott v. Wells Fargo Home Mortgage, et. al.*, 326 F. Supp. 2d 709, 717 (E.D. Va. 2003), it is well settled that creditors and mortgage servicers are not considered to be debtor collectors under the FDCPA.[12] Since BANA is the note holder, *Exhibit B*, and mortgage servicer, *Complaint* at ¶ 51, it is the party to whom the debt is owed and thus it is not a debt collector under the FDCPA. As such, it has no FDCPA liability.

### ii.    BANA Has Made No False Representations Regarding Its Right To Enforce the Debt

Assuming, *arguendo*, that BANA is a debt collector under the FDCPA, Plaintiffs have not shown that BANA has made any misrepresentations. As demonstrated above, BANA is the note holder. Thus, BANA is entitled to enforce the note. BANA's statements regarding the foreclosure cannot be false and deceptive when BANA is exercising its rights as the note holder and the servicer of the Deed of Trust. As such, Plaintiffs have no claims against BANA for allegedly false statements.

---

[12] Numerous other cases from this District alone have reached the same conclusion. Citations to just a few of the more recent cases follow*: See eg., Jesse v. Wells Fargo Home Mortg.*, 2012 U.S. Dist. LEXIS 106073, *6, (E.D. Va. July 30, 2012); *Bradford v. HSBC Mortg. Corp.*, 829 F. Supp. 2d 340, 348 (E.D. Va. 2011); *Blagogee v. Santander Consumer USA, Inc.*, 2011 U.S. Dist. LEXIS 155613, *6 (E.D. Va. November 29, 2011); *Gray v. Wittstadt Title & Escrow Co.*, LLC, 2011 U.S. Dist. LEXIS 141830, *5 (E.D. Va. November 28, 2001).

IV.     **CONCLUSION**

As demonstrated above, Plaintiffs' claims fail to state a claim upon which relief may be

granted.  Therefore, this motion to dismiss must be granted.

DATE: October 10, 2012

Respectfully submitted,

  /s/  Adrien C. Pickard
Adrien C. Pickard, (VSB # 65833)
APICKARD@BLANKROME.COM
Blank Rome LLP
600 New Hampshire Avenue, NW
Washington, D.C. 20037
*Tel:* (202) 772-5845
*Fax:* (202) 572-1429

*Attorneys for Bank of America, N.A. &*
*ReconTrust Company, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of October 2012, I filed the foregoing Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss using the Clerk's CM/ECF system, which will send notice of the foregoing to the following counsel of record:

Gregory Bryl, Esq.
help@bryllaw.com
Bryl Law Offices
1629 K Street NW, Suite 300
Washington, DC 20006

Respectfully submitted,

  /s/  Adrien C. Pickard
Adrien C. Pickard, (VSB # 65833)
APICKARD@BLANKROME.COM
Blank Rome LLP
600 New Hampshire Avenue, NW
Washington, D.C. 20037
Tel: (202) 772-5845
Fax: (202) 572-1429

*Attorneys for Bank of America, N.A. &
ReconTrust Company, N.A.*