## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

| | |
|---|---|
| ROGER JALDIN & JANET JALDIN | |
| Plaintiffs | |
| v. | |
| RECONTRUST COMPANY, N.A.<br>2380 Performance Drive<br>TX2-984-04-07<br>Richardson, TX 75082 | Civil No. 1:12-cv-01117-AJT-JFA |
| BANK OF AMERICA, N.A.<br>Serve: Branch Manager<br>11190 Main Street<br>Fairfax VA 22030 | JURY DEMANDED |
| JOHN DOE | |
| Defendants | |

## AMENDED COMPLAINT

Plaintiffs Roger and Janet Jaldin, by counsel, hereby submit the instant Amended Complaint against the named Defendants.[1]  Upon information and belief, Plaintiffs state as follows.

### THE PARTIES

1.    Plaintiffs are natural persons residing in Virginia.

---

[1] Some claims identical to those in the original Complaint are nonetheless included herein to preserve such claims for appellate review, if any.

2.      Defendant ReconTrust Company, N.A. ("ReconTrust") is a for-profit business entity organized and existing under the laws of the State of California and registered (permitted) with the U.S. Office of the Comptroller of the Currency as a nondepository, uninsured, limited purpose national trust bank.

3.      ReconTrust neither takes deposit nor makes loans, nor is otherwise engaged in the business of banking.

4.      ReconTrust is not registered to conduct business in Virginia.

5.      ReconTrust is a wholly owned subsidiary of Bank of America, N.A.

6.      ReconTrust is purporting to act in the instant case as a foreclosure trustee (deed-of-trust trustee) in Virginia.

7.      Virginia deed-of-trust trustees are responsible, *inter alia*, for conducting nonjudicial foreclosures in accordance with Virginia law under Chapter 4, Title 55 (Property and Conveyances) of the Virginia Code.

8.      Virginia deed-of-trust trustees are not true fiduciaries and owe only contractual duties to borrower and lender under to the deed of trust pursuant to which they are appointed.

9.      Defendant Bank of America, N.A. ("BOA") is a for-profit business entity registered as a national banking association.  BOA is the sole owner of ReconTrust.

10.     Defendant John Doe is an unknown individual or entity that is or claims to be current successor to the Lender named in the DOT.

## FACTS

11.     Plaintiffs Roger and Janet Jaldin are owners and title holders of the property located at and commonly known by the following address: 7370 Kincheloe Road, Clifton, VA 20124 ("Property").

12.     On or about May 9, 2007, the Jaldins executed a document styled as a deed of trust ("DOT") referencing the Property and purporting to secure a loan ("Loan") evidenced by a promissory note ("Note") referenced in the DOT.

13.     The DOT names "Countrywide Home Loans, Inc. dba America's Wholesale Lender" as the "Lender" thereunder.  The DOT "secures to Lender (i) the repayment of the Loan . . . and (ii) the performance of Borrower's covenants and agreements under [the DOT] and the Note."

14.     The DOT also provides in ¶ 13 that the "covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender."

15.     In Section 20, the DOT specifically differentiates between "Lender" and "Servicer" and their respective rights, defining Servicer as an "entity . . . that collects periodic payments due under the Note . . . and performs other loan servicing obligations."

16.      The DOT specifically provides that Lender's and Servicer's respective rights are transferred separately and independently of each other by stating in ¶ 20 that there "might be one or more changes of the Loan Servicer unrelated to a sale of the Note" and if "the Note is sold . . ., the mortgage loan servicing obligations to Borrower will

remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser."

17.     Under the terms of the DOT, a Servicer that is neither the payee under the Note nor the purchaser of the Note is neither Lender nor Lender's successor or assign (such as a Note purchaser).

18.     Under the terms of the DOT, mortgage servicing obligations do not include exercising Lender's remedies such as loan acceleration, which are reserved to the Lender by providing in ¶ 22 that it is "Lender [that] shall give notice to Borrower prior to acceleration" and that it is "Lender [that] at its option may require immediate payment in full . . ., invoke the power of sale and any other remedies."

19.     The DOT provides in ¶ 16 that "[a]ll rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law" defined as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions."

20.     On November 19, 2010 or later, Defendant BOA sent to Roger Jaldin ("Jaldin") a letter entitled "Notice of Intent to Accelerate" and requiring Jaldin to cure the alleged default on the subject loan "on or before December 16, 2010."

21.     The above-referenced letter was delivered to Jaldin on November 22, 2010.

22.     The DOT provides in ¶ 15 that a notice to Borrower thereunder is deemed "given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means."

23.     On or about October 26, 2011, a document styled as a "Substitution of Trustee(s)" (hereafter "SOT") was executed on behalf of BOA, purporting to appoint ReconTrust as a successor trustee under the DOT.  The document states that upon recording it should be returned to ReconTrust's office in Texas.  The document was recorded among the Fairfax County land records on November 7, 2011 as instrument no. 2011043721.004 at Book 21947, Page 1801.

24.     The SOT also purports to appoint an entity named ALG Trustee ("ALG") as a substitute co-trustee under the DOT.

25.     ALG does not maintain a telephone number in Virginia.

26.     ALG has not provided to the Jaldins a street address within Virginia.

27.     On or about October 27, 2011, ReconTrust, at the direction of its sole owner BOA, sent Jaldin a letter purporting to accelerate the loan referenced in the DOT. The letter was mailed from Texas or other place outside Virginia.

28.     On or about October 27, 2011, ReconTrust, at the direction of its sole owner BOA, sent Jaldin a letter identifying BOA as the party to whom the debt is owed.

29.     Some time in November – December 2011, ReconTrust, at the direction of its sole owner BOA, sent Jaldin an undated letter (enclosed in an undated and un-stamped envelope) purporting to serve as a notice of an upcoming "trustee's sale" and instructing

him to contact, *inter alia*, ReconTrust's principal office in Texas.  The letter was mailed from Texas or other place outside Virginia.

30.     Some time in April 2012 and July 2012, ReconTrust, at the direction of its sole owner BOA, again sent Jaldin an undated letter (enclosed in an undated and un-stamped envelope) purporting to serve as a notice of an upcoming "trustee's sale" and instructing him to contact, *inter alia*, ReconTrust's principal office in Texas.  The letter was mailed from Texas or other place outside Virginia.

31.     ReconTrust is not chartered under the law of the Commonwealth of Virginia or under federal law as required by Va Code § 55-58.1(2).

32.     ReconTrust has failed to maintain and does not maintain its principal office within the Commonwealth of Virginia.  Va Code § 55-58.1(2).

33.     On or about April 26, 2012, the Jaldins, by counsel, informed BOA that it was in breach of the terms of the DOT for failing to provide a proper pre-acceleration notice in compliance with the terms of the DOT.

34.     On or about April 26, 2012, the Jaldins, by counsel, informed ReconTrust that it was purporting to act as a foreclosure trustee or co-trustee in violation of Virginia law.

35.     On or about July 6, 2012, ReconTrust, at the direction of its sole owner BOA, sent another letter to Jaldin informing him that a "trustee's sale" of the Property has been scheduled for September 11, 2012.

6

36.     At all times relevant hereto, the Jaldins have not received any letter purporting to be from a foreclosure trustee, sent from within the State of Virginia, and specifying a Virginia street address of any purported trustee within Virginia.

37.     At all times relevant hereto, the Jaldins have not received any letter purporting to be from a foreclosure trustee, sent from within the State of Virginia, and specifying a phone number belonging to a Virginia deed-of-trust trustee.

38.     BOA did not purchase the Note for value.

39.     To the extent that BOA may hold or come to hold the Note, it does so (or would do so) solely for administrative convenience and on behalf of another entity that may or may not be "Lender's successor or assign" within the meaning of the DOT.

40.     At all times relevant hereto, BOA was acting or purporting to act as an agent on behalf of an unknown principal that may or may not be a true successor to the Lender named in the DOT.

41.     At all times relevant hereto, BOA was the sole owner of ReconTrust and exercised complete control over ReconTrust's activities.

## CAUSES OF ACTION

**I. DECLARATORY AND INJUNCTIVE RELIEF** (against ReconTrust for failure to qualify as foreclosure trustee under Virginia law)

42.     All of the preceding paragraphs are incorporated herein by reference.

43.    Virginia law limits what individuals and entities can serve as foreclosure (deed-of-trust) trustee with respect to properties located within Virginia.  Code §§ 55-58; 55-58.1.

44.    Virginia law requires that a foreclosure trustee or co-trustee be an entity chartered under the laws of Virginia or United States, with its principal place of business within Virginia and its Virginia street address specified on the deed instrument.

45.    ReconTrust does not meet the above requirements and therefore does not qualify as a foreclosure trustee under Virginia law or any other law.

46.    ReconTrust's purported appointment as a substitute trustee under the DOT is void.

47.    ReconTrust is prohibited by law to act as a substitute trustee with respect to the DOT and to take any action with respect to the DOT and the Property.

48.    Under the terms of the DOT, the definition of "trustee," and Virginia law, a deed-of-trust trustee must be a neutral party between Lender and Borrower under the DOT and must act impartially between them.

49.    As a wholly-owned subsidiary of BOA (which claims to be Lender's successor or such successor's agent under the DOT) and fully controlled by the BOA, ReconTrust does not qualify as "trustee" under the terms of the DOT, the definition of the term "trustee," and under Virginia law.

50.    ReconTrust has asserted the right to act as (substitute) trustee under the DOT and has acted as such by purporting to accelerate the loan, by advertising the

Property for sale, and by otherwise advancing the collection of the debt referenced in the DOT.

51.    A declaration from this Court is necessary to ascertain and prospectively govern the ReconTrust's purported appointment under the DOT and ReconTrust's rights and conduct with respect to the DOT and the Property.

52.    Absent a declaration and an injunction from this Court, the Jaldins stand to suffer injury (some of which is irreparable).

53.    The injury includes having an unqualified and prohibited party (that is also fully controlled by the purported beneficiary or beneficiary's agent) being named as trustee under the DOT to which the Jaldins are a party, inability to have a face-to-face meeting with the purported foreclosure trustee, inability to gain responses to time-sensitive foreclosure issues, inability to present time-sensitive payments to stop foreclosure, inability to deliver time-sensitive payment in a manner that insures that the payee cannot deny payment was made, inability to physically present mortgage-related documents in a manner that will stop the beneficiary from claiming that such documents were not provided, and losing a home to an improper foreclosure where the power of sale has not accrued.

**II. DECLARATORY AND INJUNCTIVE RELIEF** (against all Defendants based on failure to accrue power of sale)

54.    All of the preceding paragraphs are incorporated herein by reference.

55.    Virginia law requires that a trustee under a deed of trust execute the deed of trust in strict compliance therewith.

56.    The DOT specifies that it is Lender or Lender's successor that has the power to appoint a substitute trustee and can exercise the power of sale provided therein.

57.    The DOT specifies that it is Lender or Lender's successor that can invoke remedies provided therein and that must provide Borrower with a pre-acceleration notice as a condition to accrual of the power of sale.

58.    Under the terms DOT, Lender or its successor has a duty to comply with all conditions imposed therein before Lender or its successor can exercise the power of sale contained in the DOT.

59.    The DOT requires Lender or its successor to give Jaldin pre-acceleration notice specifying the date of not less than 30 days from the date the notice is given to Borrower by which the alleged default must be cured.

60.    The DOT's Lender and its successor (Doe) have failed to comply with the above condition.

61.    BOA has failed to comply with the above condition, whether or not it acted as an agent for Lender or its successor.

62.    As a Servicer of the Loan, BOA is neither Lender nor Lender's successor under the DOT.

63.    BOA does not have the power under the DOT to appoint a substitute trustee in its own name and/or on its own behalf.

64.     Lender or Lender's successor under the DOT has failed to appoint a substitute trustee.

65.     Lender or Lender's successor under the DOT has failed to give Jaldin pre-acceleration notice as required by the DOT.

66.     Lender or Lender's successor's power of sale has never accrued under the DOT.

67.     Lender or Lender's successor, as well as any purported substitute trustee, cannot currently exercise the power of sale under the DOT.

68.     A declaration from this Court is necessary to ascertain and prospectively govern the parties' rights and conduct with respect to the DOT and the Property.

69.     Absent a declaration and an injunction from this Court, the Jaldins stand to suffer injury (some of which is irreparable).

70.     The injury includes loss of the Jaldins' home in an improper foreclosure where no power of sale has accrued and where all foreclosure-related actions were purported to be taken without accruing the power of sale and by a party prohibited by Virginia law from acting as a deed-of-trust trustee.

**III. REMOVE CLOUD ON TITLE** (against all Defendants)

71.     All of the preceding paragraphs are incorporated herein by reference.

72.     The Jaldins are the current owners of the Property as evidenced by a recorded deed.

73.     The Jaldins have rights under the DOT as parties thereto.

74.     ReconTrust and BOA have drafted, executed, and recorded a document styled as a deed of appointment of substitute trustee.  That document asserts a claim that BOA is the Lender or Lender's successor under the DOT and that ReconTrust is a substitute trustee with all powers and duties of the original trustee named in the DOT.

75.     ReconTrust is prohibited by Virginia from being named and acting as a successor trustee under the DOT.

76.     ReconTrust is not and cannot be a successor trustee under the DOT.

77.     BOA is not the Lender or Lender's successor under the DOT.

78.     As title-holders of the Property in fee simple and as parties to the DOT, the Jaldins have superior title to that asserted by BOA and Recontrust through the SOT.

79.     The document clouds Plaintiffs' title, represents continuous injury to Plaintiffs, and should be stricken from the land records.

**IV. BREACH OF CONTRACT** (against Recontrust)

80.     At all times relevant hereto, ReconTrust was purporting to act pursuant to the DOT and as a successor trustee to the original trustee named in the DOT.

81.     At all times relevant hereto, ReconTrust was purporting to act as a party to the DOT, namely, the successor trustee thereunder.

82.     The DOT limits the parties' rights and obligations in the same manner as the law applicable to such parties, including Virginia Code sections applicable to deed-of-trust trustees.

83.     Code § 55-58.1(2) applies to ReconTrust as the purported trustee under the DOT.

84.     Code § 55-58.1(2) requires ReconTrust to be chartered under Virginia law or under federal law and to maintain its principal office in Virginia.  This requirement applies regardless of whether ReconTrust is a sole trustee or a co-trustee.  *Id.*

85.     Additionally, Code § 55-58 requires ReconTrust to have and to specify a street address in Virginia.

86.     ReconTrust does not qualify to serve as a deed-of-trust trustee in Virginia and is in violation of Code §§ 55-58 & 55-58.1(2) because it is not chartered under Virginia or federal law and does not maintain its principal office in Virginia.

87.     To the extent that ReconTrust purports to be a trustee under the DOT, it is in breach of the terms thereof requiring ReconTrust to comply with the Virginia law applicable to deed-of-trust trustees.

88.     As a result of said breach, Plaintiffs have suffered and stand to further suffer injury (at least some of which is irreparable) and damages.

89.     Such injury includes inability to have a face-to-face meeting with the purported trustee, inability to gain responses to time-sensitive foreclosure issues, inability to present time-sensitive payments to stop foreclosure, inability to deliver time-sensitive payment in a manner that insures that the payee cannot deny payment was made, inability to physically present mortgage-related documents in a manner that will stop the

beneficiary from claiming that such documents were not provided, and losing a home to an improper foreclosure where the power of sale has not accrued.

90.     The damages include nominal damages and expenses related to hiring consultants and other professionals in an effort to prevent an improper exercise of the power of sale.

### V. BREACH OF CONTRACT (against BOA and Doe)

91.     All of the preceding paragraphs are incorporated herein by reference.

92.     Under the DOT, Lender or its successor has a duty to comply with all conditions imposed therein before BOA's principal could exercise the power of sale contained in the DOT.

93.     The DOT requires Lender or its successor to give Jaldin pre-acceleration notice specifying the date of not less than 30 days from the date the notice is given to Borrower by which the alleged default must be cured.

94.     The DOT Lender or its successor (Doe) failed to comply with the above condition.

95.     The BOA has failed to comply with the above condition, whether or not it acted as an agent for Lender or its successor.

96.     BOA has not provided any prima facie evidence that it is acting on behalf of Lender's successor within the meaning of the DOT.

97.      As a result of the above failure, the Jaldins have sustained and further stand to sustain injury (at least some of which is irreparable) and damages.

98.     The injury includes loss of the Jaldins' home in an improper foreclosure where no power of sale has accrued, as well as emotional distress, embarrassment, and loss of enjoyment of life.

99.     The damages include nominal damages and expenses related to hiring consultants and other professionals in an effort to prevent an improper exercise of the power of sale.

### VI. VIOLATION OF 15 U.S.C. § 1641(f)(2) (TILA) (against BOA)

100.    All of the preceding paragraphs are incorporated herein by reference.

101.    TILA requires that "[u]pon written request by the obligor, the servicer shall provide the obligor . . . with the name, address, and telephone number of the owner of the obligation."

102.    On or about November 5, 2011, the Jaldins requested in writing from BOA the identity of the owner of the debt.

103.    On December 2, 2011, BOA sent a written response to the Jaldins stating that the "Owner of [the] loan . . . is . . . Bank of America, N.A. . . . for the Benefit of the Halo 2007-2 Trust."

104.    On or about December 5, 2011, Jaldin requested the identity of the owner of the loan from MERS and received a response that it was "HSBC Bank USA, National Association."

105.   On February 1, 2012, BOA, through its attorneys Blank Rome, LLP sent another written response to the Jaldins, identifying the "current owner" as "Bank of America, N.A. . . . for the benefit of the HALO 2007-2 Trust."

106.   Subsequently to the above response of the BOA, the Jaldins, through counsel, located the publically available documents for the HALO 2007-2 Trust, including the trust agreement, and found that said documents do not contain the name of BOA, either as trustee or in any other capacity.

107.   On or about April 25, 2012, the Jaldins, by counsel, wrote to BOA and to BOA's principal (c/o of BOA) and again requested the identity of the owner of the debt.

108.   On or about May 11, 2012, the Jaldins received BOA's response stating that the owner of the debt was "Deutsche Bank National Trust Company, as Trustee for holders of the HSI Asset Loan Obligation Trust 2007-2."

109.   This identification is the same as that in the publically available trust agreement with respect to the HSI Asset Loan Obligation (HALO) 2007-2 Trust.

110.   Contrary to the repeated false and misleading representations of BOA, BOA is not the owner of the obligation.

111.   The December 2, 2011 letter of BOA failed to disclose the identity of the owner of the obligation as required by TILA.

112.   A violation of § 1641(f)(2) occurred when Jaldin received the December 2, 2011 letter from the BOA misidentifying the owner of the debt.

113.   Another violation of § 1641(f)(2) occurred when Jaldin received the February 1, 2012 letter from BOA's attorneys again misidentifying the owner of the debt.

114.   Said violations entitle Jaldin to damages, plus costs and reasonable attorney fees.

### VII. VIOLATION OF § 1641(g) (TILA) (against Doe)

115.   TILA also requires that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."

116.   The subject obligation was not transferred (if at all) to the current owner Doe prior to May, 2009.

117.   Doe was on notice of Jaldin's November 2011 request for the identity of the owner of the obligation made to Doe's agent BOA.

118.   Doe has failed to identify himself/itself to Jaldin in response to his request as required by TILA.

119.   A violation of § 1641(f)(2) occurred when Jaldin received the December 2, 2011 and February 1, 2012 letters from the BOA and no further response from Doe within a reasonable time of the request, entitling Jaldin to damages, plus costs with reasonable attorney fees.

### VIII. VIOLATIONS OF FDCPA (against BOA and ReconTrust)

120.   All of the preceding paragraphs are incorporated herein by reference.

121.   ReconTrust and BOA regularly engage in the collection of debts in the ordinary course of their business, both on their own behalf and on behalf of others.

122.   ReconTrust and BOA have utilized the United States mail, telephones, and the Internet in furtherance of their collection efforts in this case.

123.   In this case, BOA, in the process of collecting what it claims to be its own debts, used a name other than its own (ReconTrust) which would indicate that a third person is collecting or attempting to collect the debt.

124.   In actuality, BOA has exercised control over the collection process and is attempting to collect fees it would otherwise be unable to collect, using its wholly-owned subsidiary as a sham third party collecting the debt.

125.   BOA received an assignment or transfer of the subject debt when it was in default solely for the purpose of facilitating collection of such debt for another.

126.   BOA violated FDCPA by misrepresenting the legal status of the debt (claiming it is the owner), by using false representation and deceptive means to collect a debt, and by using a name other than its own in collecting on a debt.

127.   BOA also violated FDCPA by misidentifying itself as the owner of the debt.

128.   ReconTrust's principal business is enforcement of security interests.

129.   ReconTrust has violated FDCPA by using false representation and deceptive means to collect a debt, by using unfair and unconscionable means (by virtue of being an out-of-state entity) to collect a debt, by threatening to take nonjudicial action with respect to the Property where it had no right to possession of the Property, by

18

misrepresenting the legal status of the debt (claiming BOA is the owner), and by threatening to take action (foreclosure) that cannot legally be taken because ReconTrust does not qualify as a foreclosure trustee in Virginia, because ReconTrust was not appointed by Lender or Lender's assignee, and because the power of sale has not accrued.

130.    ReconTrust also violated FDCPA by failing to identify (misidentifying) the creditor to whom the debt is owed within five days of their initial correspondence to the Jaldins.

131.    As a result of BOA's and ReconTrust's violations, the Jaldins are entitled to statutory damages pursuant to 15 U.S.C. § 1692k, actual damages according to proof at trial, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

### IX. ACTUAL AND/OR CONSTRUCTIVE FRAUD (against BOA and ReconTrust)

132.    All of the preceding paragraphs are incorporated herein by reference.

133.    In their letters to the Jaldins and the SOT, BOA and ReconTrust made material misrepresentations to the Jaldins that BOA was the owner of the debt.

134.    In their letters to the Jaldins and the SOT, BOA and ReconTrust made material misrepresentations to the Jaldins that the servicer of their loan was also the creditor to whom the debt was owed.

135.    Said material misrepresentations were multiple and intentional, with intent to mislead the Jaldins that said misrepresentations were true.

136.    The Jaldins relied on said misrepresentations to their detriment.

137.    As a result of said misrepresentations, the Jaldins have suffered injury, including substantial unliquidated and noneconomic damages, including those mentioned *supra* herein.

138.    As a result of said misrepresentations, the Jaldins are entitled to recovery of actual damages and costs.

139.    Defendants' misrepresentations were willful and with full knowledge of their untruthfulness and/or with conscious disregard for the Jaldins' rights, entitling the Jaldins to punitive damages.

## PRAYER FOR RELIEF

140.    Based on the foregoing, the Jaldins respectfully pray that the Court:

a.    Find each Defendant liable on each respective Count above;

b.    Declare that ReconTrust is prohibited by Virginia law to act as a trustee under the DOT and is without power to take any action with respect to the DOT and the Property;

c.    Issue an order permanently enjoining ReconTrust from acting as a foreclosure trustee in this action and taking any action with respect to the DOT and the Property;

d.    Declare the document purporting to appoint ReconTrust as Substitute Trustee under the DOT to be in violation of Virginia law, void, and stricken from the land records;

e.    Declare that the power of sale under the DOT has not accrued;

20

f.     Award the Jaldins nominal damages, and actual damages as proven, against

all Defendants for breach of contract;

g.     Award the Jaldins statutory damages, nominal damages, actual damages as

proven, costs, and attorney fees against BOA and Doe for violations of the

TILA.

h.     Award the Jaldins statutory damages, nominal damages, actual damages as

proven, costs, and attorney fees against BOA and ReconTrust for violations

of the FDCPA.

i.     Award the Jaldins nominal, actual, and punitive damages, plus costs,

against BOA and ReconTrust for fraud committed willfully and with

knowledge of the untruthfulness or with conscious disregard for the Jaldins'

rights;

j.     Grant any other relief the Court deems proper.

Respectfully submitted,

_____*/s/ Gregory Bryl*_____
Gregory Bryl, Esq.,VSB# 45225
BRYL LAW OFFICES
1629 K Street NW, Suite 300
Washington, DC 20006
202-360-4950
703-997-5925 fax
help@bryllaw.com
*Attorney for Plaintiff*s